UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
Civil Action No:

**SHARON CARVER HUFFMAN,**
*individually and on behalf of all others similarly situated,*

      Plaintiff,

  v.

**AVANTCREDIT, LLC d/b/a AVANT, LLC**

      Defendant
_____/

**CLASS ACTION COMPLAINT FOR DAMAGES**
[Jury Trial Demanded]

Plaintiff Sharon Carver Huffman ("Plaintiff" or "Huffman"), individually and on behalf of all others similarly situated, brings this class action complaint against Defendant AvantCredit, LLC, d/b/a Avant, LLC ("Defendant" or "Avant") to recover damages on behalf of a Class and Sub-Classes of persons who suffered harm at the conduct of the Defendant. The Plaintiff makes these allegations based upon personal information pertaining to herself, and upon information and behalf, the investigation of counsel, and facts that are a matter of public record on all other matters.

## I. INTRODUCTION

1. The Community has a right to expect that noticed creditors must comply with laws to prevent and protect consumers from foreseeable irreparable harm. Noticed creditors who fail to comply with the bankruptcy code and state consumer protection laws should be held in violation of those laws and/or civil contempt of court. Noticed creditors who are found to have violated the automatic stay and/or the permanent discharge injunction and held in contempt of court should be sanctioned. This is an action to enforce the Bankruptcy Court's stay of relief

entered March 24, 2023 and the discharge order entered on July 6, 2023. Defendant has willfully chosen not to comply with the Bankruptcy Court's orders and numerous state remedial consumer protection statutes. Huffman has been damaged and seeks monetary, declaratory, and injunctive relief based on the Defendant's willful choice not to comply with the Bankruptcy Court's orders. Huffman seeks damages for the same conduct under North Carolina state law.

## II.     PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a "Debtor" as that term is defined at 11 U.S.C. § 101(7) under Chapter 7 of Title 11 of the United State Code in bankruptcy case No. 23-50166 filed in the Bankruptcy Court for the Middle District of North Carolina.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Avant is a for-profit limited liability company formed in Delaware, headquarter in Illinois, and registered to conduct business in the State of North Carolina, and may be served through its agent for service of process at Corporation Service Company, 2626 Glenwood Ave., Ste 550, Raleigh, NC 27608.

5. Avant is a licensed North Carolina collection agency, holding permit #119507027.

6. Avant is a "creditor" as that term is defined at 11 U.S.C. § 101(10)(A) & (B).

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 11 U.S.C. 101, *et seq.*, and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction to hear all state law statutory and common law claims pursuant to 28 U.S.C. §1367.

9. Venue lies in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

## III. FACTUAL ALLEGATIONS

**(Filing of the Petition and Discharge)**

10. On March 24, 2023, Huffman filed a voluntary petition for Chapter 7 Bankruptcy relief, in the United States Bankruptcy Court for the Middle District of North Carolina. Huffman's bankruptcy attorneys were Law Offices of John T. Orcutt, PC., ("Orcutt"). (Doc. 1)[1]

11. Huffman allegedly owed a pre-petition unsecured non-priority debt to Avant, which she listed in her bankruptcy petition on Schedule E/F, Line 4.2. See Doc. 1 at p. 23.

12. However, the address listed for Avant, upon later discovered information, was incorrect and thus they did not receive notice until Huffman's bankruptcy counsel sent a letter to Avant at its principal place of business on or about May 26, 2023 advising Avant of Ms. Huffman's bankruptcy filing. A copy of the May 26, 2023 letter is attached hereto as **<u>Exhibit 1.</u>**

13. Huffman received a Chapter 7 discharge pursuant to 11 U.S.C. § 727 on July 6, 2023. (Doc. 11)

**(Acts by Avant pre- and post-discharge)**

14. Despite being informed by Huffman's bankruptcy counsel of the filing, by letter dated May 26, 2023, Defendant on or about June 5, 2023 began placing nearly daily collection calls to Huffman from (312) 818-5250 (a telephone number which upon information and belief is assigned to Defendant). Between June 5, 2023 and July 26, 2023 Defendant placed at minimum

---

[1] Citations to the Docket are citations to the docket in the Plaintiff's bankruptcy case No. 23-50166 filed in the Middle District of North Carolina.

37 automated collection calls to Plaintiff. See collection of phone logs attached hereto as collective **Exhibit 2.**

15. In an effort to stop the harassment by Defendant and seek compliance with the automatic stay, Huffman's bankruptcy counsel sent a second letter to Avant at its principal place of business on or about June 23, 2023 advising Avant of Ms. Huffman's bankruptcy filing. A copy of the June 23, 2023 letter is attached hereto as **Exhibit 3.**

16. Despite the June 23, 2023 letter Defendant persisted with its harassing telephone calls both pre- and post-discharge until at least July 14, 2023. See Exhibit 2. See also, Affidavit of Sharon Huffman attached hereto as **Exhibit 4.**

17. On the occasions that Huffman was able to answer the telephone calls, she informed Defendant that she had filed bankruptcy and no longer owed the debt. *Id.*

18. In response to Plaintiff providing this information to the Defendant and unknown representative told Huffman that Avant didn't care if I filed for bankruptcy and wanted to know when she would be making a payment. *Id.*

19. Apparently not achieving their desired results, Defendant additionally began repeatedly emailing Huffman on June 28, 2023 which persisted post-discharge until at least July 26, 2023. See collection of emails attached hereto as collective **Exhibit 5.**

20. Defendant is an experienced creditor that is routinely involved in the servicing and collection of debts that are involved in a bankruptcy and is therefore, a sophisticated party who should be familiar with bankruptcy laws.

21. Avant has not sought nor received a court order granting relief from the automatic stay in order to collect the alleged debt owed by Huffman.

22. Avant has not sought nor received a court order pursuant to 11 U.S.C. § 524 denying the discharge of the alleged debt owed by Huffman.

23. Since being subjected to Defendant's harassing debt collection tactics in violation of the automatic stay and the permanent discharge injunction, Huffman has experienced aggravation of previously existing medical conditions, and has experienced additional anxiety, fear, sleepless nights, anger, crying, and frustration for which she found the need to seek medical help. See Exhibit 4.

24. Huffman is concerned that Avant may sue her, attempt to garnish her, and damage her credit which is all preventing her from getting the fresh start a Chapter 7 is supposed to provide. She has been forced to live with the reality that Avant can disregard bankruptcy and federal and state consumer protection laws. Huffman struggles with the fact that Avant has no financial safety rules to prevent other consumers like her from being irreparably harmed.

25. Huffman has been forced to hire counsel to assist in stopping the continued illegal collection by Avant as described herein. *Id.*

26. The systematic violations of the bankruptcy and non-bankruptcy laws as alleged herein further justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

### IV. CLASS ALLEGATIONS

27. Because Defendant's wrongful conduct is widespread, this case should be certified for class action treatment pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2).

**The Automatic Stay Class.** The Plaintiff seeks to represent a Class defined as follows:

All Debtors (1) who filed a Chapter 7 Bankruptcy in North Carolina, (2) who notified Defendant of their bankruptcy filing, (3) and from whom the Defendant has attempted to collect a pre-petition consumer debt post-petition and pre-discharge.

**The Discharge Injunction Class.** The Plaintiff seeks to represent a Class defined as follows:

> All Debtors (1) who filed a Chapter 7 Bankruptcy in North Carolina, (2) who notified Defendant of their bankruptcy filing, (3) and from whom the Defendant has attempted to collect a pre-petition consumer debt post-discharge.

28. **The NCCCA/UDAP Subclass.** The Plaintiff additionally seeks to represent a Subclass Defined as follows:

> All debtors (1) who filed a Chapter 7 Bankruptcy in North Carolina within the applicable statute of limitations period, (2) who notified Defendant of their bankruptcy filing, (3) and from whom the Defendant has attempted to collect a pre-petition consumer debt post-petition.

29. Excluded from the Class and Subclasses are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

30. Plaintiff hereby reserves the right to amend or modify the Class and Subclass definitions with greater specificity or division after having had an opportunity to conduct discovery.

31. **Numerosity**. The members of the Class and Subclasses are so numerous that the joinder of all members is impractical, as the Class is estimated to consist of hundreds, if not thousands of members. A class action is the only feasible method of adjudicating the rights of all affected Debtors, and absent allowance of a certification of a class action, a failure of justice will result. The number of putative Class members can be readily ascertained by a review of the

Defendant's records. Using this information, Class members can be identified and ascertained for the purpose of providing notice and ultimate relief.

33. **Commonality and Predominance.** This action involves common questions of law and fact that predominate over any questions affecting individual Class members. These common questions are appropriate for class certification because the resolution thereof would substantially advance the disposition of this matter and each party's interests herein. These common questions include:

   a. Whether Plaintiff, Class, and Subclass members filed a Chapter 7 Bankruptcy in any of the Bankruptcy Courts of North Carolina;

   b. Whether Plaintiff, Class, and Subclass members received a discharge in a Chapter 7 Bankruptcy;

   c. Whether Defendant was notified of the Plaintiff and Class and Subclass members bankruptcy filing;

   d. Whether Defendant has attempted to collect a pre-petition consumer debt from Plaintiff, Class, and Subclass members after being notified of the Debtor's Chapter 7 filing;

   e. Whether Plaintiff, Class, and Subclass members were injured and suffered damages or other losses because of Defendant's actions as described herein; and

   f. Whether Plaintiff, Class, and Subclass members are entitled to damages, and the measure and amount of those damages.

33. **Typicality.** Plaintiff's claims are typical of those of other Class and Subclass members. Plaintiff was a Debtor who filed Chapter 7 in a North Carolina Bankruptcy Court, notified the Defendant of her bankruptcy filing, and the Defendant has attempted to collect a pre-

petition debt from Plaintiff after notice of the filing. As such, Plaintiff's claims arise from the same factual circumstances as the claims of other Class members, and her damages and injuries are akin to those of other Class and Subclass members. Plaintiff seeks relief consistent with the relief sought by the Class and Subclasses.

34. **Adequacy.** Plaintiff is an adequate representative of the Class and Subclasses because she is a member of the Class and Subclasses that she seeks to represent, is committed to pursuing this matter against Defendant to obtain relief for the Class and Subclasses, and has no conflicts of interest with the Class and Subclasses. Moreover, Plaintiff's attorneys are competent and experienced in litigating class actions such as this one. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect Class and Subclass members' interests.

35. **Superiority.** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to an individual plaintiff may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff, Class, and Subclasses are relatively small compared to the burden and expense required to individually litigate their claims against Defendants, and thus, individual litigation to redress Defendants' wrongful conduct would be impracticable. Individual litigation by each Class and/or Subclass member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE AUTOMATIC STAY
### (11 U.S.C. § 362)
#### *On behalf of Plaintiff and the Automatic Stay Class*

36. The Plaintiff restates all allegations contained in Paragraphs 1 through 35 as if fully restated herein.

37. At all times relevant hereto, Defendant had actual or implied knowledge of the Plaintiff and Class members' bankruptcy filing.

38. Pursuant to 11 U.S.C. § 362(a), a filed bankruptcy petition operates as a stay as to the debtor and property of the estate.

39. Despite the prohibitions stated in the above paragraphs, Defendant repeatedly and willfully attempted to collect a pre-petition debt from the Plaintiff and Automatic Stay Class members in violation of the automatic stay.

40. Each post-petition attempt to collect a petition-debt prior to discharge constitutes a violation of 11 U.S.C. § 362 and were false communications.

41. The Defendant's actions set forth hereinabove constitute and demonstrate willful repeated violations of the automatic stay that violate the Bankruptcy Courts' orders received by the Plaintiff and Automatic Stay Class members which must be stopped.

42. As a result of the above violations of the automatic stay, Plaintiff and the Automatic Stay Class members are entitled to recover against the Defendant an award of actual damages, punitive damages, and legal fees and expenses pursuant to 11 U.S.C. § 362(k).

### COUNT II: VIOLATIONS OF THE DISCHARGE INJUNCTION
### (11 U.S.C. § 105)
#### *On behalf of Plaintiff and the Discharge Injunction Class*

43. Plaintiff restates all allegations contained in Paragraphs 1 through 42 as if fully restated herein.

44. Pursuant to 11 U.S.C. § 524, a discharge order "operates as an injunction" against acts to collect on discharged debts.

45. Defendant's actions and omissions set forth hereinabove constitute and demonstrate willful repeated violations of the permanent discharge injunction that violate this Court's discharge order received by Plaintiff and Discharge Injunction Class members which must be stopped.

46. As a result of the above violations of the Bankruptcy Courts' discharge orders, Plaintiff and Class members are entitled to recover against Defendant an award of actual damages, punitive damages, and legal fees and expenses pursuant to 11 U.S.C. § 105.

**COUNTS III & IV: VIOLATION OF THE NORTH CAROLINA
COLLECTION AGENCY ACT (NCCCA) (N.C. Gen. Stat. § 58-70-1 *et. seq*.)
&
DERIVATIVE VIOLATION OF THE NORTH CAROLINA
UNFAIR AND DECEPTIVE PRACTICES ACT (N.C. Gen. Stat. § 75-1.1)**

*On behalf of the Plaintiff and NCCCA/UDAP Subclass*

47. The Plaintiff restates all allegations contained in Paragraphs 1 through 46 as if fully restated herein.

48. Defendant is a "collection agency" as that term is defined by N.C. Gen. Stat. §§ 58-70-15(a) and/or (b) and 58-70-90(1).

49. The Plaintiff and NCCCA/UDAP Subclass members are each a "consumer" as that term is defined by N.C. Gen. Stat. § 58-70-90(2).

50. The Plaintiff and NCCCA/UDAP Subclass members were each a consumer from whom Defendant attempted to collect a "debt" as that term is defined by N.C. Gen. Stat. § 58-70-90(3).

51. N.C. Gen. Stat. § 58-70-110 provides:

> No collection agency shall collect or attempt to collect any debt by use of any unfair practices. Such practices include, but are not limited to, the following: …
> (4) Falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding; falsely representing that the collection agency is in any way connected with any agency of the federal, State or local government; or falsely representing the creditor's rights or intentions;

52. By willfully attempting to collect a debt from Plaintiff and the NCCCA/UDAP Subclass members at a time when Avant had previously been advised the alleged debt had been included in a bankruptcy petition, Avant used unfair and or unconscionable means to collect the debt in violation of § 58-70-110(4).

53. Under the NCCCA, any violation of Part 3 of the Act (under which § 58-70-110(4) is found) is a *per se* violation of the North Carolina Unfair and Deceptive Trade Practices Act (NCUDTPA) (N.C. Gen. Stat. § 75-1.1 *et. seq.*) pursuant to N.C. Gen. Stat. § 58-70-130(c)[2].

54. As set forth hereinabove, Defendant has willfully violated numerous provisions of the NCCCA and therefore has violated the NCUDTPA.

---

[2] N.C. Gen. Stat. § 58-70-130(c) states "[t]he specific and general provisions of Part 3 of this Article shall constitute unfair or deceptive acts or practices proscribed herein or by G.S. 75-1.1 in the area of commerce regulated thereby; provided, however, that, notwithstanding the provisions of G.S. 75-16, the civil penalties provided in this section shall not be trebled. Civil penalties in excess of four thousand dollars ($4,000) for each violation shall not be imposed.

55. Alternatively, Defendant knew, or should have known, its actions as set forth herein were frivolous and malicious.

56. As a result of the above violations of NCCCA and NCUDTPA Plaintiff and Class members are entitled to recover against Defendant an award of actual damages, statutory damages, punitive damages, and legal fees and expenses, as applicable.

WHEREFORE Plaintiff Sharon Carver Huffman, individually and on behalf of all others similarly situated, respectfully request that this Court enter an Order granting Judgment against Defendant AvantCredit LLC d/b/a Avant, LLC as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Automatic Stay Class, the Discharge Injunction Class and the NCCCA/UDAP Subclass, each as defined, *supra*;

B. Designating the Plaintiff as representative for the Automatic Stay Class, the Discharge Injunction Class and the NCCCA/UDAP Subclass, and their undersigned counsel as Class Counsel

C. Entering judgment in favor of the Plaintiff, the Automatic Stay Class, the Discharge Injunction Class and the NCCCA/UDAP Subclass against the Defendant;

D. Entering an award to the Plaintiff, the Automatic Stay Class, the Discharge Injunction Class and the NCCCA/UDAP Subclass against the Defendant as to their actual damages as to each and every Count, as applicable;

E. Entering an award to the Plaintiff, the Automatic Stay Class, the Discharge Injunction Class and the NCCCA/UDAP Subclass against the Defendant as to their statutory damages as to each and every Count, as applicable;

F. Entering an award to the Plaintiff, the Automatic Stay Class, the Discharge Injunction Class and the NCCCA/UDAP Subclass against the Defendant as to their punitive damages as to each and every Count, as applicable;

G. Entering an award to the Plaintiff, the Automatic Stay Class, the Discharge Injunction Class and the NCCCA/UDAP Subclass against the Defendant for their reasonable attorneys' fees and cost, including interest thereon, as allowed or required by law; and

H. For all such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sharon Carver Huffman, individually and on behalf of all others similarly situated, hereby request a trial by jury on all issues.

Respectfully submitted, this the 12th day of June, 2024.

        Plaintiff Sharon Carver Huffman, individually and on behalf of all others similarly situated.

        By: s/ Erik A. Martin
        Erik A. Martin (NC Bar No. #55683)
        Law Office of John T. Orcutt
        Attorney for Debtor
        1738 Hillandale Road
        Suite D
        Durham, NC 22705
        (919) 286-1695
        Emartin@lojto.com

        Brian D. Flick (OH #0081605)*
        Brent A. Snyder (TN BPR #021700)*
        *Motions for Pro Hac Vice Anticipated
        **DannLaw**
        15000 Madison Avenue
        Cleveland, OH 44107
        Phone: (216) 373-0539
        Fax: (216) 373-0536
        *notices@dannlaw.com*

*Counsel for Debtor Sharon Huffman and the putative classes*